**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| GLBT YOUTH IN IOWA SCHOOLS TASK FORCE d/b/a/ IOWA SAFE SCHOOLS, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, et al., <br><br> *Defendants*. | Case No. 4:23-cv-474 <br><br> **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS AND FOR A PROTECTIVE ORDER** |

Plaintiff Robert Smith, by his parents and next friends, Jane and John Smith, and Plaintiff James Doe, by his parent and next friend John Doe, by and through their undersigned counsel, respectfully submit this Brief in Support of their Motion for Leave to Proceed under Pseudonyms and for a Protective Order pursuant to Local Rule 7(d).

## INTRODUCTION

Plaintiffs Robert Smith and James Doe are entitled to proceed in this action under initials because they are minors pursuant to Federal Rule of Civil Procedure 5.2(a). However, both are transgender males and request leave to proceed under pseudonyms to further protect their identities. Their parents and next friends, Jane and John Smith, and James Doe, respectively, also request leave to proceed under pseudonyms because disclosure of their identities would necessarily render their children readily identifiable.

Robert Smith and James Doe request the protection of a pseudonym given the highly sensitive and personal nature of their transgender status and the severe risks to them and their families from identification. Plaintiffs' ages further weigh in favor of the heightened protection

1

that proceeding under a pseudonym provides, as does the comparative lack of prejudice to Defendants and the preparation of their defense.

Plaintiffs request an order on this Motion and a protective order that would protect their privacy and safety by allowing them to proceed under pseudonyms and prohibit disclosure of their legal names and other personally identifying facts in publicly filed documents, while permitting Defendants under specified circumstances to learn Plaintiffs' names and conduct discovery if necessary.

## ARGUMENT

A complaint generally must state the names of all parties. *See* Fed. R. Civ. P. 10(a). This requirement and the real-party-in-interest requirement of Federal Rule of Civil Procedure 17(a) are based on the common law "tradition of public access to court records." *See In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1333 (D.C. Cir. 1985) (Scalia, J.). But courts have recognized this right "is not absolute." *Id.*; *see also Doe v. Wash. Univ.*, 652 F. Supp. 3d 1043, 1045-46 (E.D. Mo. 2023) (discussing tension between proceeding pseudonymously and said common law right of access). A recognized exception is allowing plaintiffs to proceed under pseudonyms.

Although it appears neither the Eighth Circuit nor the United States Supreme Court has yet "set[] forth a test to determine whether a plaintiff should be permitted to proceed anonymously," "[s]everal other circuits have analyzed this issue." *Doe v. Drake Univ.*, No. 4:16-cv-00623-RGE-SBJ, 2017 WL 11404865, at *2 (S.D. Iowa June 13, 2017). This Court has utilized the multiple, but non-exhaustive factors the Second Circuit set out in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189–90 (2d Cir. 2008). *See id.* Those factors, which balance "the plaintiff's privacy interests, the prejudice to the defendant, and the public interest," involve the following considerations:

2

>(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* (quoting *Sealed Plaintiff*, 537 F.3d at 189-90).

Each of these factors supports allowing Plaintiffs Robert Smith and James Doe to proceed under pseudonyms. Plaintiffs Robert Smith and James Doe each "demonstrate he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings,'" and thus should be granted leave to proceed pseudonymously. *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotation omitted)). Plaintiffs respectfully request this leave here and seek the protection authorized by a protective order under Federal Rule of Civil Procedure 26(c).

### I. PLAINTIFFS ROBERT SMITH AND JAMES DOE WOULD FACE SERIOUS RISKS FROM IDENTIFICATION

The initial four factors set forth in *Sealed Plaintiff* relate to the sensitivity of the information that identification would reveal and the consequent risks of identification. The claims Plaintiffs assert in this case necessarily involve their gender identity. Both Robert Smith and James Doe have submitted declarations in which they discuss their very personal journeys of discovery and identity as relevant to the claims they assert.

Gender identity, and perhaps especially, identity as a transgender person, is of an "excruciatingly private and intimate nature." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999); *see also Doe v. City of Detroit*, No. 18-cv-11295, 2018 WL 3434345, at *2 (E.D. Mich. July 17, 2018) (finding the fact of plaintiff's transgender status "certainly qualifies as information 'of the utmost intimacy'" (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. 1981))). Moreover, disclosure of transgender status poses special risk of retaliatory physical or mental harm; the "hostility and discrimination" transgender individuals face is well documented, and the accompanying "social stigma associated with non-conforming gender identities" frequently is cited as a basis to proceed pseudonymously, both for the child and their affirming parents. *Brocksmith v. United States*, 99 A.3d 690, 698 n.8 (D.C. Cir. 2014); *Doe v. United States*, No. 16-cv-0640-SMY-DGW, 2016 WL 3476313, at *1 (S.D. Ill. June 27, 2016). Plaintiffs join this challenge against Senate File 496, 2023 Iowa Acts ch. 91 ("SF 496" or "the law") in part because it is interfering with their ability to be their authentic selves as boys attending school in Iowa. Their participation requires they reveal their transgender status in an environment of significant political conflict. Disclosing their identities to the public could expose them to the same bigotry that already has caused shame and stigmatization in their schools. Courts routinely allow transgender litigants to proceed under pseudonyms for good cause. *See Foster v. Andersen*, No. 18-2552-DDC-KGG, 2019 WL 329548, at *2 (D. Kan. Jan. 25, 2019) (collecting cases); *Poe v. Drummond*, No. 23-cv-177-JFH-SH, 2023 WL 4560820, at *3-4 (N.D. Okla.) (collecting cases).

The fourth factor—vulnerability due to age—also carries particularly heavy weight here as both Robert Smith and James Doe are minors. *See Sealed Plaintiff*, 537 F.3d at 190. Their age alone warrants significant redaction of personal information in that only their initials may be used in court filings. *See* Fed. R. Civ. P. 5.2(a)(3); LR 10(g). These rules contemplate a "heightened

protection" afforded minor litigants, a clear exception to the ordinary rule of public identification. *Doe v. Porter*, 370 F.3d 558, 561 (6th Cir. 2004). Courts frequently allow minor plaintiffs to proceed under pseudonyms for this reason. *See id.*; *see also Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997) ("[F]ictitious names are allowed when necessary to protect the privacy of children . . . and other particularly vulnerable parties or witnesses."); *Stegall*, 653 F.2d at 186 (identifying "the youth of these plaintiffs as a significant factor in the matrix of considerations arguing for anonymity"); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366-BAS-KSC, 2017 WL 6541446, at *5 (S.D. Cal. Dec. 20, 2017) ("'[C]hild-plaintiffs' are deemed to be especially vulnerable, warranting their anonymity.").

The seventh factor—whether the plaintiff's identity has thus far been kept confidential—also weighs in favor of granting Plaintiffs' motion. Plaintiffs Robert Smith and James Doe and their parents are seeking to preserve the privacy in the public eye to which they have been entitled and have maintained to date. *See Sealed Plaintiff*, 537 F.3d at 190; *see also Doe v. Del Rio*, 241 F.R.D. 154, 158 (S.D.N.Y. 2006) ("The extent to which the plaintiff's identity has been kept confidential may also affect the weight of the privacy interest; the plaintiff's interest in anonymity is weaker where anonymity has already been compromised."). Robert Smith and James Doe have a cognizable privacy interest in their transgender status. *See Love v. Johnson*, 146 F. Supp. 3d 848, 856 (E.D. Mich. 2015) (finding that "requiring Plaintiffs to disclose their transgender status . . . directly implicates their fundamental right of privacy"); *K.L. v. State Dep't of Admin., Div. of Motor Vehicles*, No. 3AN-11-05431-CI, 2012 WL 2685183, at *5-6 (Alaska Super. Ct. Mar. 12, 2012) (finding "that one's transgender[] status is private, sensitive personal information" and the "privacy expectation in this regard is entitled to protection").

In addition, because a minor plaintiff "and his parents share common privacy interests based on their inseparable relationship to one another," courts routinely allow parents of minor plaintiffs to proceed under pseudonyms as well. *See S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042-DDC-GEB, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018). Ordering the "disclosure of the parent[s'] identities would place—in effect—personally identifiable and confidential information about the alleged sex and gender harassment of a minor in the public record." *Id.*; *see also Doe v. Banos*, 713 F. Supp. 2d 404, 407 n.1 (D.N.J. 2010) (the pseudonym of father and 15-year-old daughter was used to "protect the identity of the family" because she was a minor).

## II. DEFENDANTS WILL SUFFER NO PREJUDICE TO THEIR ABILITY TO DEFEND PLAINTIFFS' CLAIMS

Factors five, six, and ten focus on the comparative harm, if any, to defendants and their ability to defend the claims if the plaintiff is allowed to proceed anonymously. Here, defendants will suffer no prejudice. This is a suit against the government, typical of other cases in which anonymity has been allowed. *See Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 730 (W.D. Va. 2012). Plaintiffs are allowed to proceed anonymously against the government because, unlike a private party who faces a suit, the government has no "reputation" that might be damaged by a civil action against it. *See S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("[A]ll of the plaintiffs previously allowed in other cases to proceed anonymously were challenging the constitutional, statutory or regulatory validity of government activity. While such suits involve no injury to the Government's 'reputation,' the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm."). In addition, as a matter of practice and progression of *this* case, Defendants will suffer no prejudice due to Plaintiffs' pseudonymity because Plaintiffs are

not asserting the right to remain totally anonymous to Defendants. *Cf. Doe v. Merten*, 219 F.R.D 387, 394 (E.D. Va. 2004). Rather, Plaintiffs' request to use pseudonyms in all filings is similar to the initials required for the minor Plaintiffs, and they agree to reveal their identities to Defendants' counsel, as necessary, to prepare a defense. Defendants' counsel also may, to the minimum extent necessary, disclose such information to their clients and experts, provided such individuals are made aware of their confidentiality obligations and prohibited from further disclosure. Courts have recognized this "alternative mechanism," as set forth in the attached proposed protective order, to be "a reasonable way to reconcile the competing interests." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001); *see also Sealed Plaintiff*, 537 F.3d at 190 (considering whether "there are any alternative mechanisms for protecting the confidentiality of the plaintiff"). It protects Plaintiffs' anonymity to the greatest extent possible while preserving Defendants' ability to defend their claims. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000).

### III. ALLOWING PLAINTIFFS TO PROCEED UNDER PSEUDONYMS ADVANCES THE PUBLIC INTEREST

The eighth and ninth factors center on the public interest. Here, the public interest would be advanced if Plaintiffs and their parents were allowed to proceed under pseudonyms and harmed if they were required to disclose their identities. *See Sealed Plaintiff*, 537 F.3d at 190. Forcing an individual to disclose private and personal information as part of vindicating constitutional and statutory rights would dissuade other similarly situated individuals from bringing such claims. *See Doe v. Standard Ins. Co.*, No. 1:15-cv-00105-GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015) ("To deny Plaintiff's request under the circumstances of this case might not only prevent Plaintiff from proceeding on her claim, but might also discourage others . . . from asserting their claims . . . ."); *see also Del Rio*, 241 F.R.D. at 158 ("[I]t is in the public interest that the price of

7

access to the courts [to challenge governmental action] not be too high. Where litigants risk public scorn or even retaliation if their identities are made public, unpopular but valid complaints may not be pursued.") (citations omitted). Further, Plaintiffs bring this action not only to vindicate their own interests, but to secure the legal rights of others like them. *See Sealed Plaintiff*, 537 F.3d at 190; *see also Del Rio*, 241 F.R.D. at 158 ("[W]here a lawsuit is brought solely against the government and seeks to raise an abstract question of law that affects many similarly situated individuals, the identities of the particular parties bringing the suit may be largely irrelevant to the public concern with the nature of the process."). For example, Plaintiffs Robert Smith and James Doe each discuss the chilling effect SF 496 has had on their friends and fellow classmates and the impact on their student organizations. These Plaintiffs raise legal issues that bear on all Iowa students. The public does not need to know their identity; every member of the public already knows a child like them.

## **CONCLUSION**

Although there is a general public interest in civil cases to know the identity of the litigants, this general interest "does not outweigh the above-mentioned factors which all tip in favor of plaintiff's use of a pseudonym." *Doe v. Provident Life & Accident Ins. Co.*, 176 F.R.D. 464, 469 (E.D. Penn. 1997). The exceptional circumstances of this case and of these Plaintiffs and their parents warrant additional protection. Plaintiffs recognize, however, that Defendants must be able to prepare their case and thus will reveal their identities to Defendants' attorneys and the Court upon entry of an appropriate protective order.

Plaintiffs Robert Smith, by his parents and next friends, Jane and John Smith, and James Doe, by his parent and next friend John Doe, respectfully request the Court grant their Motion and enter the proposed protective order, ordering all such other and further relief as this Court deems just.

Dated: November 28, 2023                                                                                 Respectfully submitted

/s/ _____

| | |
|---|---|
| Thomas D. Story, AT0013130 (Lead Counsel) | Camilla B. Taylor* |
| Rita Bettis Austen, AT0011558 | Kara Ingelhart* |
| Shefali Aurora, AT0012874 | Nathan Maxwell* ** |
| Sharon Wegner, AT0012415 | **Lambda Legal Defense** |
| **American Civil Liberties Union** | **  and Education Fund, Inc.** |
| **  of Iowa Foundation** | 65 E. Wacker Pl., Suite 2000 |
| 505 Fifth Avenue, Suite 808 | Chicago, IL 6060 |
| Des Moines, IA 50309 | (312) 663-4413 |
| (515) 243-3988 | ctaylor@lambdalegal.org |
| thomas.story@aclu-ia.org | kingelhart@lambdalegal.org |
| rita.bettis@aclu-ia.org | nmaxwell@lambdalegal.org |
| shefali.aurora@aclu-ia.org | |
| sharon.wegner@aclu-ia.org | Karen L. Loewy* |
| | Sasha J. Buchert* *** |
| Laura J. Edelstein* | **Lambda Legal Defense** |
| Katherine E. Mather* | **  and Education Fund, Inc.** |
| **Jenner & Block LLP** | 1776 K Street, N.W., 8th Floor |
| 455 Market Street, Suite 2100 | Washington, DC 20006-2304 |
| San Francisco, CA 94105 | (202) 804-6245 |
| (628) 267-6800 | kloewy@lambdalegal.org |
| LEdelstein@jenner.com | sbuchert@lambdalegal.org |
| KMather@jenner.com | |
| | Daniel R. Echeverri* |
| Anna K. Lyons* | **Jenner & Block LLP** |
| Effiong Dampha* | 353 N. Clark Street |
| **Jenner & Block LLP** | Chicago, IL 60654 |
| 515 S. Flower Street, Suite 3300 | (312) 222-9350 |
| Los Angeles, CA 90071-2246 | DEcheverri@jenner.com |
| (213) 239-5100 | |
| ALyons@jenner.com | Joshua J. Armstrong* |
| EDampha@jenner.com | **Jenner & Block LLP** |
| | 1099 New York Avenue, NW, Suite 900 |
| *Application for admission pro hac vice forthcoming. | Washington, DC 20001 |
| ** Member of the Arizona bar. Practicing under the supervision of a member of the Illinois bar. | (202) 639-6000 |
| *** Member of the Oregon bar. Practicing under the supervision of a member of the DC bar. | JArmstrong@jenner.com |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

The foregoing paper also will be served along with the Complaint and Summons on all Defendants.

Dated: November 28, 2023                                 /s/Thomas D. Story
                                                         Thomas D. Story