# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| GLBT YOUTH IN IOWA SCHOOLS TASK FORCE d/b/a IOWA SAFE SCHOOLS, et al., *Plaintiffs*, v. KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, et al., *Defendants*. | Case No. 4:23-cv-474 **SCHOOL DISTRICT DEFENDANTS' MOTION TO DISMISS** |

COME NOW, Iowa City Community School District and its Officers and Directors named in their official capacities, Sioux City Community School District and its Officers and Directors named in their official capacities, Urbandale Community School District and its Officers and Directors named in their official capacities, Waterloo Community School District and its Officers and Directors named in their official capacities, and West Des Moines Community Schools and its Officers and Directors named in their official capacities (collectively, "School District Defendants"), pursuant to Federal Rules of Civil Procedure 12(b)(6) and Local Rule 7, and submit the following Motion to Dismiss.

1.  On May 26, 2023, Governor Reynolds signed into law Senate File 496, an omnibus education bill. Compl. ¶ 1 [Docket No.1].

2.  On November 28, 2023, Plaintiffs filed this lawsuit challenging certain requirements mandated by SF 496. The Complaint names the following Defendants: Governor Kim Reynolds, Director of the Iowa Department of Education McKenzie Snow, the Iowa Department of Education, the Iowa State Board of Education (collectively, the "State Defendants"), and five Iowa school districts, school officials, and school board members

(collectively, the "School District Defendants"). Compl. p. 1. The named school districts include Iowa City Community School District, Sioux City Community School District, Urbandale Community School District, Waterloo Community School District, and West Des Moines Community Schools.

3.  The Complaint is brought under 42 U.S.C. § 1983 and alleges seven counts against all Defendants, including that SF 496 violates Plaintiffs' constitutional rights under the First and Fourteenth Amendments, and violates the Equal Access Act, 20 U.S.C. § 4071. Compl. ¶ 38.

4.  Federal Rule of Civil Procedure 12(b)(6) provides for a pre–answer motion based on the defense of "failure to state a claim upon which relief can be granted." For a plaintiff to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 500 U.S. 544, 570 (2007)). This standard "demands more than an unadorned the–defendant–unlawfully–harmed–me accusation." *Id.* at 678. A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S at 555.

5.  On a motion to dismiss, the district court must accept the factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the non–moving party. *Id.* at 557. However, mere "labels and conclusions" or "naked assertion[s]" devoid of "further factual enhancement" are not sufficient. *Id.*; *see also Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009).

6.  A plaintiff's "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

7.  The Complaint fails to state a claim against the School District Defendants.

8. The Complaint does not allege a policy or custom of the School District Defendants is the moving force behind Plaintiffs' injuries, as required to state a claim under Section 1983. *See Slaven v. Engstrom*, 710 F.3d 772, 780 (8th Cir. 2013).

9. Furthermore, Iowa school districts are required to follow state law. The Complaint alleges that the School District Defendants have taken steps in order to comply with the mandates of SF 496, which is insufficient to support municipal liability under Section 1983. *See, e.g., Bethesda Lutheran Homes & Services, Inc. v. Leean*, 154 F.3d 716, 718 (7th Cir. 1998).

10. Finally, Plaintiffs' claims against the individual school district officials are duplicative of their claims against the school district entities and should be dismissed. *See, e.g., Artis v. Francis Howell N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1182 (8th Cir. 1998).

11. Pursuant to Local Rule 7(d), the School District Defendants are filing a Brief in support of the Motion to Dismiss, incorporated herein by reference.

WHEREFORE, the School District Defendants request the Court grant this Motion to Dismiss, dismiss Plaintiffs' claims against the School District Defendants and the named School District officials, and grant such other relief as deemed appropriate.

/s/ Lindsay Vaught
_____
Lindsay A. Vaught (AT0010517)
Miriam D. Van Heukelem (AT0010074)
Emily A. Kolbe (AT0012313)
Logan S. Brundage (AT0014942)
AHLERS & COONEY, P.C.
100 Court Avenue, Suite 600
Des Moines, Iowa 50309
(515) 246-0333
(515) 246-0362
(515) 243–2149 (fax)
lvaught@ahlerslaw.com

mvanheukelem@ahlerslaw.com
ekolbe@ahlerslaw.com
lbrundage@ahlerslaw.com
**ATTORNEYS FOR SCHOOL DISTRICT DEFENDANTS**

**Electronically filed and served.**

| CERTIFICATE OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on: December 20, 2023 |
| By: ☐ U.S. Mail ☐ Fax |
| ☐ Hand delivery ☐ Private Carrier |
| ☒ Electronically (*via CM/ECF*) ☐ E–mail |
| Signature: *Jayne Bryngelson* |