## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## CENTRAL DIVISION

|  |  |
|---|---|
| GLBT YOUTH IN IOWA SCHOOLS TASK FORCE d/b/a/ IOWA SAFE SCHOOLS, et al., <br><br> *Plaintiffs,* <br><br> v. <br><br> KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, et al., <br><br> *Defendants.* | Case No. 4:23-cv-00474-SHL-SBJ <br><br> **PLAINTIFFS' RESISTANCE TO THE STATE'S MOTION TO STAY** |

Plaintiffs resist State Defendants' Motion to Stay. The Court granted Plaintiffs' motion for a preliminary injunction correctly ruling that Iowa Senate File 496 ("SF 496") violated the First and Fourteenth Amendments of the United States Constitution. (Order, ECF No. 65). State Defendants fail to meet their burden to show why a stay of further proceedings pending appeal of the Court's well-reasoned order would be appropriate. Plaintiffs also resist the Motion to Stay because Plaintiffs' claims that the Forced Outing Provision of SF 496 violates the Constitution and the Equal Access Act remain active controversies and Plaintiffs are experiencing and will continue to experience harm. The Court's preliminary injunction does not address these harms,[1] and they are not the subject of the State's appeal. In addition, Plaintiffs do not support a stay that carves out only the School District Defendants' pending Motion to Dismiss. (Sch. Dist. Defs.' Mot. to Dismiss, ECF Nos. 51, 51-1).

---

[1] The Court ruled that Student Plaintiffs lack standing to pursue a preliminary injunction against the Forced Outing Provision. (Order, ECF No. 65 at 4). But the Court found that the First and Fourteenth Amendment violations were sufficient on their own to merit the preliminary injunction and declined to analyze or express any view on Plaintiffs' arguments under the Equal Access Act or the Equal Protection Clause. (Order, ECF No. 65 at 45, n.8).

## I.     Procedural Background

School District Defendants filed their Motion to Dismiss on December 20, 2023. (Sch. Dist. Defs.' Mot. to Dismiss, ECF No. 51; 51-1). On December 28, 2023, Magistrate Jackson granted Plaintiffs' unopposed Motion for Extension of Time to Resist School Defendants' Motion to Dismiss, extending Plaintiffs' deadline to January 17, 2024. (Order, ECF No. 64).

On December 22, 2023, the Court held oral argument on Plaintiffs' Motion for a Preliminary Injunction. (Minute Order, ECF No. 60; Mot. for Prelim. Inj., ECF No. 2, 2-1). The Court granted Plaintiffs' motion for a preliminary injunction in part on December 29, 2023. (Order, ECF No. 65).

On January 17, 2024, State Defendants moved for a stay of all proceedings pending resolution of their appeal of the Court's order granting in part Plaintiffs' motion for a preliminary injunction. (Mot. to Stay, ECF No. 69). The State Defendants argued only that moving forward with the proceedings without waiting for guidance from the Court of Appeals "could lead to significant duplication of efforts." (Mot. to Stay, ECF No. 69 ¶ 5). The same day, the Court granted in part and reserved ruling in part on the State Defendants' motion for a stay. (Text Order, ECF No. 70). The Court stayed the case in all respects (except as to Plaintiffs' right to pursue enforcement of the injunction), including the School Districts' Motion to Dismiss, but ordered the School District Defendants and Plaintiffs to file responses explaining why they would be harmed if the stay remained in effect pending resolution of the appeal. (Text Order, ECF No. 70). The State Defendants have no objection to allowing further consideration of the School District Defendants' motion. (Mot. to Stay, ECF No. 69 ¶ 11).

## II.      Legal Standard

Plaintiffs recognize that the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Factors that district courts in this Circuit have considered relevant in exercising that discretion include "the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just determination of cases, and hardship or inequity to the party opposing the stay," *Minn. Voters Alliance v. Walz*, 494 F. Supp. 3d 610, 612 (D. Minn. 2020) (quoting *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016)), as well as the nonmoving party's likelihood of success on appeal and whether the schedule on appeal would make a stay likely to "result in a lengthy delay" of further contemplated proceedings, *see Ass'n of Equip. Mfrs. v. Burgum*, No. 1:17-cv-151, 2018 WL 1773145, at *1 (D.N.D. Mar. 5, 2018). Importantly, "[t]he party requesting a stay must make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay will work damage to another." *Ass'n of Equip. Mfrs.*, 2018 WL 1773145, at *1.

## III.     Argument

Plaintiffs oppose any stay of this case. State Defendants have not made the requisite showing that a stay of the proceedings is warranted. They have not made a showing that they are likely to succeed on the merits of the appeal—they claim only that they believe the appeal may potentially clarify some issues. State Defendants also have not made, as they must, "a clear case of hardship or inequity in being required to go forward," *Ass'n of Equip. Mfrs.*, 2018 WL 1773145, at *1, nor have they examined whether a stay will substantially injure the other parties to the proceeding.

Plaintiffs, in contrast, can show why the stay factors militate against any stay. First, Plaintiffs are likely to succeed on the merits of the appeal. The Court's analysis in granting the preliminary injunction was thorough and well-reasoned. The Court of Appeals is likely to affirm. Second, both judicial economy and injury to Plaintiffs favor going forward with the case. Plaintiffs continue to experience harm from the Forced Outing Provision of SF 496, which remains in effect. For example, Iowa Safe Schools' member GSAs include GSAs that have ceased meeting altogether as a result of the Forced Outing Provision, GSAs whose faculty sponsors have declined to remain sponsors as a result of the Forced Outing Provision, and GSAs whose membership has dwindled because students who would like to participate, and who have participated in the past, can no longer do so for fear of enforcement of the Forced Outing Provision. GSAs continue to receive confusing or prohibitive directives that impede their ability to meet on the same terms as other student groups. This is cognizable harm that is happening now and will continue to happen so long as the Forced Outing Provision remains in effect. Delaying progress on this case would allow Defendants to continue enforcing a state law that conflicts with the U.S. Constitution and existing federal law. Furthermore, leaving the stay in place injures Plaintiffs' abilities to engage in discovery and fact development on issues for which time is of the essence. Plaintiffs include students for whom middle or high school will soon end.

Plaintiffs continue to experience harm every day the Forced Outing Provision remains in effect. Although the Court expressed reservations about Plaintiffs' standing to challenge this provision, Plaintiffs have not had an opportunity to brief such questions adequately, and the Court has not had an opportunity yet to address claims not reached in the preliminary injunction proceedings or opinion and order, such as Plaintiff Iowa Safe Schools' associational standing to challenge the Forced Outing Provision on behalf of affected GSA chapters and members, or

4

Plaintiffs' challenge to the provision on Equal Access Act or Equal Protection grounds. Resolution of State Defendants' appeal will not clarify or narrow these issues. Finally, if the Court is inclined to keep the stay in place, Plaintiffs do not believe resolution of the School District Defendants' Motion to Dismiss should be carved out of the stay. Plaintiffs seek the ability to proceed with discovery and litigate diligently all claims before the Court without delay.

### IV.      Conclusion

Plaintiffs oppose a stay of the proceedings.

Dated: January, 29 2023

Respectfully submitted,

*/s/ Laura J. Edelstein*

Thomas D. Story, AT0013130
(Lead Counsel)
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
Sharon Wegner, AT0012415
**American Civil Liberties Union
  of Iowa Foundation**
505 Fifth Avenue, Suite 808
Des Moines, IA 50309
(515) 243-3988
thomas.story@aclu-ia.org
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org
sharon.wegner@aclu-ia.org

Nathan Maxwell* **
Camilla B. Taylor*
Kara Ingelhart*
**Lambda Legal Defense and
  Education Fund, Inc.**
65 E. Wacker Pl., Suite 2000
Chicago, IL 6060
(312) 663-4413
nmaxwell@lambdalegal.org
ctaylor@lambdalegal.org
kingelhart@lambdalegal.org

Laura J. Edelstein*
Katherine E. Mather*
**Jenner & Block LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105
(628) 267-6800
LEdelstein@jenner.com
KMather@jenner.com

Anna K. Lyons*
Effiong Dampha*
**Jenner & Block LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2246
(213) 239-5100
ALyons@jenner.com
EDampha@jenner.com

Joshua J. Armstrong*
**Jenner & Block LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
JArmstrong@jenner.com

Karen L. Loewy*
Sasha J. Buchert* ***
**Lambda Legal Defense and
  Education Fund, Inc.**
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
(202) 804-6245
kloewy@lambdalegal.org
sbuchert@lambdalegal.org

Daniel R. Echeverri*
Christopher J. Blythe*
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
DEcheverri@jenner.com
CBlythe@jenner.com

*Application for admission pro hac vice
granted.*
*** Member of the Arizona bar. Practicing
under the supervision of a member of the
Illinois bar.*
**** Member of the Oregon bar. Practicing
under the supervision of a member of the DC
bar.*

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Dated:   January, 29 2023

*/s/ Laura J. Edelstein*
Laura J. Edelstein