UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IOWA SAFE SCHOOLS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-474-SHL-SBJ<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO STATE DEFENDANTS' MOTION TO STAY PROCEEDINGS** |

This Court should stay proceedings pending adjudication of the preliminary injunction appeal at the Eighth Circuit. There is no meaningful prejudice to any Party during the delay. The appeal's resolution will likely resolve questions that will materially affect discovery, summary judgment, and trial. Plaintiffs' argument against staying the proceedings in this case is unpersuasive. They cannot show they will be harmed if the current temporary stay remains in effect pending resolution of the appeal currently before the Eighth Circuit. This Court should grant the motion to stay proceedings in full.

**I.      Legal Standard**

District courts have "broad discretion to stay proceedings when appropriate to control its docket." *Sierra Club v. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006). Factors courts consider "include the conservation of judicial resources and the parties' resources, maintaining control of the court's docket, providing for the just

1

determination of cases, and hardship or inequity to the party opposing the stay." *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 821 (D. Minn. 2016).

## II.     Argument

Plaintiffs cannot show they would be harmed if the current stay remains in effect. Plaintiffs' case mainly challenges SF496's Library Program and Instruction Section. Those sections are currently enjoined and will remain enjoined until, at the earliest, the Eighth Circuit resolves State Defendants' challenge to the preliminary injunction on appeal.

Moving forward with district court proceedings without that decision could lead to significant duplication of efforts. Further, the proceedings in companion case *Penguin Random House v. Robbins*, 4:23-cv-00478 (S.D. Iowa), have already been stayed. Continuing the proceedings in this case risks inconsistent rulings on the same questions. Not only does this create procedural unknowns, but it could also require reassessing evidence, summary judgment, or even a trial verdict depending on how the Eighth Circuit rules. All of that risks significantly duplicating efforts and wasting judicial resources.

Continuing district court proceedings here will also waste party resources. The legal standard the Eight Circuit will decide could affect the discovery process. The parties should have clarity on that standard before marshaling evidence for further litigation. And, if the summary judgment deadline approaches before a decision from the appeal, it is in no Party's interest to litigate a question of law where the standard is subject to change mid-litigation.

Plaintiffs' argument that they continue to be injured by the Parental Notice provision of SF496 also fails. This Court already determined that Plaintiffs do not have standing to challenge that provision, because none of "them are directly affected by this feature of the law." (Dkt. 65 at 19.) Whatever harm Plaintiffs allege due to the Parental Notice provision cannot be resolved by this Court regardless of the current stay, because the Court lacks the Article III authority to review the claim. (*Id.*) The outcome of the challenge to the Parental Notice provision is the same regardless of whether the proceedings in this case continue now or after the resolution of the appeal.

Plaintiffs' claim under the Equal Access Act also does not warrant denying a stay. The Equal Access Act prohibits public secondary schools from discriminating against students who wish to conduct a meeting based on "content of the speech at such meetings." 20 U.S.C. §§ 4071(a) and (b). But this Court has already explained that SF496 does not prohibit the meeting of GSAs or similar student groups for students in those grades. (Dkt. 65 at 20.) Also, Plaintiffs Equal Access claim derives mostly from their interpretation of the Instruction Section of SF496. But the Instruction Section is enjoined, so Plaintiffs are not harmed by a stay. And although Plaintiffs base their Equal Access claim in part on their interpretation of the Parental Notice section of SF496, this Court held Plaintiffs do not have standing to challenge that part of the law. There is no reason here to deny a stay on account of Plaintiffs Equal Access claim.

Finally, Plaintiffs' passively reference their Equal Protection claim, but it fares no better. For purposes of the requested stay, the object of the Equal Protection claim's focus was on the Library Program and Instruction Section. But those sections are enjoined, so Plaintiffs are not harmed by a stay. To the extent Plaintiffs allege their equal protection claim derives from the Parental Notice section of SF496, they do not have standing to challenge that part of the law. The Court's injunction and Plaintiffs lack of standing negate any allegation that a stay is harmful.

### III. Conclusion

Because Plaintiffs cannot show that they will be harmed if the stay remains in effect pending the resolution of the appeal, this Court should grant State Defendants' motion in full and stay further proceedings in this Court in all respects. The State takes no position on the School Defendants' response.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

/s/ *Eric Wessan*
Eric Wessan
Solicitor General

/s/ *Daniel Johnston*
Daniel Johnston
Assistant Attorney General

Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-5191
(515) 281-4209 (fax)

eric.wessan@ag.iowa.gov
daniel.johnston@ag.iowa.gov

ATTORNEYS FOR STATE DEFENDANTS

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing instrument was served on counsel for all parties of record by delivery in the following manner on February 1, 2024:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivery        ☐ Overnight Courier
☐ Federal Express      ☐ Other
☒ CM/ECF System Participant (Electronic Service)

Signature: /s/ *Daniel J. Johnston*