# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| IOWA SAFE SCHOOLS f/k/a GLBT YOUTH IN IOWA SCHOOLS TASK FORCE, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, et al.,<br><br>*Defendants*. | Case No. 4:23-cv-474<br><br>**RENEWED MOTION FOR PRELIMINARY INJUNCTION REGARDING THE PARENTAL NOTIFICATION ("FORCED OUTING") PROVISION OF SF 496** |

Plaintiffs hereby move for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to prevent further irreparable injury pending final adjudication of Plaintiffs' action.

This Motion is submitted upon Plaintiffs' First Amended Complaint and is supported by the accompanying Brief in Support of Plaintiffs' Renewed Motion for Preliminary Injunction Regarding the Parental Notification ("Forced Outing") Provision of SF 496, the sworn Declarations of Becky Tayler, Executive Director of Plaintiff Iowa Safe Schools ("ISS"); Hannah Mitchell, GSA Coordinator of Plaintiff ISS; Jordan Mix, Director of Educational Programming for Plaintiff ISS; Plaintiff P.B.-P.; Plaintiffs P.C., Richard Carlson; Plaintiff Robert Smith; Plaintiff James Doe; and non-party Declarant A.J., and any other material the Court may consider at any hearing on this Motion. These Declarations include additional evidence of irreparable harm that has occurred to student members of ISS and chapter GSA members since the Forced Outing provision took effect, including in the months after the Court's grant of a partial preliminary injunction as to the other provisions of SF 496 on December 29, 2023.

As Plaintiffs set forth in their accompanying Brief in Support of Plaintiffs' Renewed

1

Motion for Preliminary Injunction Regarding the Parental Notification ("Forced Outing") Provision of SF 496, Plaintiffs are likely to succeed on the merits of their claims. Senate File 496, 2023 Iowa Acts ch. 91 ("SF 496" or "the law"), violates the First and Fourteenth Amendments by impermissibly chilling student speech based on its content and viewpoint; violating students' rights of expressive association; being unconstitutionally overbroad and vague; making classifications based on sexual orientation and transgender status without adequate tailoring and justification; and violating students' rights under the Equal Access Act, 20 U.S.C. § 4071. To obtain a preliminary injunction, Plaintiffs "need only establish a likelihood of succeeding on the merits of any one of [their] claims." *Richland/Wilkin Joint Powers Auth. v. U.S. Army Corps of Eng'rs*, 826 F.3d 1030, 1040 (8th Cir. 2016) (quoting *Am. Rivers v. U.S. Army Corps of Eng'rs*, 271 F. Supp. 2d 230, 250 (D.D.C. 2003)).

As Plaintiffs establish in the accompanying Brief in Support of Plaintiffs' Renewed Motion for Preliminary Injunction Regarding the Parental Notification ("Forced Outing") Provision of SF 496, Plaintiffs are suffering and will continue to suffer irreparable injury absent an injunction. The balance of equities also is in Plaintiffs' favor, and it is "always in the public interest to prevent the violation of a party's constitutional rights." *D.M. by Bao Xiong v. Minn. State High Sch. League*, 917 F.3d 994, 1004 (8th Cir. 2019) (quoting *Awad v. Ziriax*, 670 F.3d 1111, 1132 (10th Cir. 2012)).

Plaintiffs request that the Court waive the requirement of bond in Federal Rule of Civil Procedure 65(c). *Richland/Wilkin*, 826 F.3d at 1043 (whether to require bond is within court's discretion). Public interest litigation is a recognized exception to the bond requirement, especially where, as here, requiring a bond would injure the constitutional rights of Plaintiffs and the relief sought would not pose a hardship to government Defendants. *See id.*

Dated: May 23, 2024                                        Respectfully submitted,

/s/Thomas D. Story
Thomas D. Story, AT0013130 (Lead Counsel)
Rita Bettis Austen, AT0011558
Shefali Aurora, AT0012874
**American Civil Liberties Union
   of Iowa Foundation**
505 Fifth Avenue, Suite 808
Des Moines, IA 50309
(515) 243-3988
thomas.story@aclu-ia.org
rita.bettis@aclu-ia.org
shefali.aurora@aclu-ia.org

Laura J. Edelstein*
Katherine E. Mather*
**Jenner & Block LLP**
455 Market Street, Suite 2100
San Francisco, CA 94105
(628) 267-6800
LEdelstein@jenner.com
KMather@jenner.com

Anna K. Lyons*
Effiong Dampha*
**Jenner & Block LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2246
(213) 239-5100
ALyons@jenner.com
EDampha@jenner.com

*Admitted pro hac vice.
** *Member of the Arizona bar. Practicing
under the supervision of a member of the Illinois bar.*

Camilla B. Taylor*
Nathan Maxwell* **
**Lambda Legal Defense
   and Education Fund, Inc.**
65 E. Wacker Pl., Suite 2000
Chicago, IL 6060
(312) 663-4413
ctaylor@lambdalegal.org
nmaxwell@lambdalegal.org

Karen L. Loewy*
Sasha J. Buchert*
**Lambda Legal Defense
   and Education Fund, Inc.**
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
(202) 804-6245
kloewy@lambdalegal.org
sbuchert@lambdalegal.org

Daniel R. Echeverri*
Christopher J. Blythe*
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
DEcheverri@jenner.com
CBlythe@jenner.com

Joshua J. Armstrong*
**Jenner & Block LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
JArmstrong@jenner.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Dated: May 21, 2024 /s/Thomas D. Story
Thomas D. Story