IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| IOWA SAFE SCHOOLS, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>KIM REYNOLDS, in her official capacity as Governor of the State of Iowa, *et al.*,<br><br>Defendants. | Case No. 4:23-cv-00474-SHL-SBJ<br><br>**STATE DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ALLOW LIMITED DISCOVERY AND MOTION PRACTICE<br>AND<br>MOTION FOR RECONSIDERATION UNDER LOCAL RULE 7(E)** |

Typically in the Southern District of Iowa parties are allowed 14 days after a contested motion is served to file a resistance. L.R. 7(e). When a party fails to timely resist within those 14 days, then "the motion may be granted without notice." L.R. 7(f). But here the Court granted Plaintiffs' motion without notice just 49 hours after it was filed, R. Doc. 89, cutting off Defendants' ability to explain its opposition to the motion despite its opposed nature being clear on the face of the motion and in its attachments. *See, e.g.*, R. Doc. 88-4. Notably, Plaintiffs had not even sought expedited relief.

Defendants Kim Reynolds, McKenzie Snow, Iowa Department of Education, and Iowa State Board of Education ("State Defendants") were working towards filing their resistance by early next week at the latest. Having now been deprived of such opportunity, causing State Defendants significant prejudice, State Defendants hereby resist Plaintiffs' motion and move under Local Rule 7(e) for reconsideration of

1

the Court's order granting Plaintiffs' Motion to allow limited discovery and motion practice. State Defendants state as follows:

1. Plaintiffs filed this action challenging SF496 under the First and Fourteenth Amendments, as well as the Equal Access Act, on November 28, 2023. R. Doc. 1.

2. This Court preliminarily enjoined SF496's Instruction Section and Library Program on December 29, 2023. R. Doc. 76, p. 3. This Court denied the preliminary injunction as to the Parental Notice Section because Plaintiffs lacked standing. *Id.*

3. State Defendants appealed to the Eighth Circuit. *Id.*

4. Plaintiffs did not cross-appeal this Court's determination that they lacked standing to challenge the Parental Notice Section.

5. State Defendants moved for and received a stay of all deadlines pending the ruling from the Eighth Circuit. *Id.* at 3–4.

6. This Court later lifted the stay in part, only as to Plaintiffs' challenges to the Parental Notice Section. *Id.* at 4.

7. As a result, district court proceedings can move forward only if (1) they are related to the Parental Notice Section and (2) *are not* related to either the Instruction Section or the Library Program. *See id.* at 4–5.

8. Plaintiffs notified State Defendants that they wished to proceed with limited discovery and with a motion for leave to amend the complaint. *See* R. Doc. 88-4. State Defendants reviewed the proposals and determined that Plaintiffs' requested

limited discovery would not violate the partial stay, but their proposed Amended Complaint would. *See id.* at 2. So State Defendants suggested the parties request a status conference with the Court to discuss what next steps the Court would deem proper. Plaintiffs determined opposed motions practice to be their preferred option. *Id.*; Attachment A.

9. So, after the unsuccessful meet and confer, Plaintiffs moved for leave to pursue discovery, engage in motion practice related to amending the Complaint, and renew their motion for a preliminary injunction. R. Doc. 88, ¶¶ 5–6.

10. Before State Defendants had a chance to resist, just 49 hours after the motion was filed, the Court granted Plaintiffs motion without further explanation. R. Doc. 89. All Defendants had stated they opposed the motion, at least in part. *See* R. Doc. 88-4.

11. State Defendants resist the motion insofar as it seeks to begin motion practice related to amending the Complaint and renewing the motion for a preliminary injunction.

12. Plaintiffs seek to add allegations to support their Instruction Section challenge. *See, e.g.*, Proposed First Amended Complaint, R. Doc. 88-3 ¶¶ 118, 119, 123, 127, and 321–326.

13. Plaintiffs also seek to add allegations in an attempt to buttress their organizational and individual standing to challenge the Instruction Section. *See, e.g.*, *id.* at ¶¶ 133–141, 249.

14. But this Court determined that only A.C. had standing to challenge the Instruction Section. R. Doc. 65, p. 22. State Defendants appeal that ruling, and oral argument in the Eighth Circuit is set for June 11, 2024. Meanwhile, all proceedings related to the Instruction Section are stayed pursuant to this Court's partial stay order. Plaintiffs' motion for leave to amend—which would alter the operative complaint on review in the Eighth Circuit, including by adding allegations directly implicating the issues on appeal—necessarily violates that partial stay order.

15. If State Defendants win on appeal and the Eighth Circuit determines A.C. does not have standing to challenge the Instruction Section, then that Section will no longer be preliminarily enjoined. *See, e.g.*, *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017) ("At least one plaintiff must have standing to seek each form of relief requested in the complaint.").

16. Whether State Defendants win on appeal, or not, Plaintiffs may request leave to amend their complaint following reissuance of the mandate to this Court after the Eighth Circuit rules—including by asserting associational or organizational standing.

17. The time to amend the complaint to address Instruction Section standing deficiencies is after the Eighth Circuit disposes of the appeal on that issue—not weeks before oral argument.

18. If leave to amend is granted now, then Plaintiffs will surely try to assert associational or organizational standing to buttress their current theory of standing.

But amending the complaint during the pending appeal will create a jurisdictional mess.

19. The fully briefed case at the Eighth Circuit from this case deals primarily with issues relating to standing. Changing allegations in a revised complaint when argument is set risks leading to dual holdings—and those high risks are matched with little reward. The Parties will have clarity as to what the Eighth Circuit's view on standing in this case will be soon.

20. There is also a risk that Plaintiffs will moot one or more of the issues that they won in this Court and deprive State Defendants of their ability to appeal that ruling, which is highly disfavored. *See, e.g.*, *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 75 (1997) ("It would certainly be a strange doctrine that would permit a plaintiff to obtain a favorable judgment, take voluntary action that moots the dispute, and then retain the benefit of the judgment.") (alterations adopted).

21. Finally, allowing Plaintiffs to amend at this stage would be inequitable. State Defendants have done everything in their power to ensure the preliminary injunction proceedings are resolved before the start of the school year, including by promptly taking their appeal of the preliminary injunction and moving for expedited consideration before the Eighth Circuit.

22. This is particularly true given Plaintiffs have already had their chance to seek preliminary relief from this Court. Allowing them to amend the complaint and renew the motion for a preliminary injunction would give them a second bite at the apple. After all, "a party's inequitable conduct can make equitable relief

5

inappropriate," and there is nothing more inequitable than trying to take a second bite at the apple after Plaintiffs already had a full and fair opportunity to seek preliminary relief from this Court. *Ramirez v. Collier*, 595 U.S. 411, 434 (2022); *see also Gomez v. U.S. Dist. Ct. for N. Dist. of California*, 503 U.S. 653, 653–54 (1992) (per curiam) (denying equitable relief when the plaintiff took four bites at the apple for habeas relief).

23. Accordingly, Plaintiffs should not be allowed to amend their complaint until after the proceedings in the Eighth Circuit are concluded.

24. State Defendants were and still would be amenable to a status conference to discuss the limits of the partial stay order. But if today's text order is allowed to take effect, then State Defendants understand that a status conference would not be the best use of the Court's time.

25. So if the Court declines to reconsider today's order, then it should allow State Defendants an opportunity to renew their request in the Eighth Circuit to stay all district court proceedings pending the disposition of the appeal.

26. State Defendants ask the Court to stay the effect of today's order for one week, to and including May 30, 2024. Or, if State Defendants renew their stay motion in the Eighth Circuit by or on May 30, 2024, then this Court should stay the effect of today's order pending disposition by the Eighth Circuit of State Defendants' renewed motion for stay.

27. The Eighth Circuit had denied State Defendants' motion for a stay of district court proceedings pending appeal, while noting that State Defendants could

renew the motion "should circumstances materially change." *See* Judge Order, CA8 No. 24-1075 (Feb. 29, 2024). With this Court's order today, circumstances have now materially changed. State Defendants should be granted time to inform the Eighth Circuit and allow that court to dispose of the to-be filed renewed stay motion.

WHEREFORE, the Court should reconsider its text order dated May 23, 2024, and Plaintiffs' motion should be denied insofar as it seeks leave to amend the complaint; at a minimum, the Court should stay the effect of its order for one week, to and including May 30, 2024; or, if State Defendants renew their stay motion in the Eighth Circuit by or on May 30, 2024, then this Court should stay the effect of today's order pending disposition by the Eighth Circuit of the renewed motion for stay.

Respectfully submitted,

BRENNA BIRD
Attorney General of Iowa

/s/ *Eric Wessan*
Eric Wessan
*Solicitor General*

/s/ *Patrick C. Valencia*
Patrick C. Valencia
*Deputy Solicitor General*

/s/ *Daniel Johnston*
*Assistant Attorney General*

Iowa Department of Justice
Hoover State Office Building
Des Moines, Iowa 50319
(515) 823-9117 / (515) 281-5191
(515) 281-4209 (fax)
eric.wessan@ag.iowa.gov
patrick.valencia@ag.iowa.gov
daniel.johnston@ag.iowa.gov

ATTORNEYS FOR STATE DEFENDANTS