**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | |
|---|---|
| IOWA SAFE SCHOOLS f/k/a GLBT YOUTH IN IOWA SCHOOL TASK FORCE; *et al.*, | Case No. 4:23-cv-474 |
| *Plaintiffs*, | |
| v. | **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| KIM REYNOLDS, in her official capacity as Governor of the State of Iowa; *et al.*, | |
| *Defendants.* | |

Pursuant to Federal Rule of Civil Procedure 15 and Local Rule 7(d), Plaintiffs submit the following brief supporting Plaintiffs' Motion for Leave to Amend and Supplement the Complaint. In short, Plaintiffs must amend and supplement their Complaint to address (1) aspects of this Court's Order granting in part and denying in part Plaintiffs' Motion for a Preliminary Injunction (ECF No. 65), *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, 709 F. Supp. 3d 664 (S.D. Iowa 2023) ("*GLBT Youth I*")*;* (2) the Eighth Circuit's Opinion reversing and remanding, *GLBT Youth in Iowa Schs. Task Force v. Reynolds*, 114 F.4th 660 (8th Cir. 2024) ("*GLBT Youth II*"); and (3) new factual developments that have occurred in the transition from the previous school year to the current one. Specifically, Plaintiffs' proposed First Amended and Supplemental Complaint, attached hereto, does the following:

- Removes two student plaintiffs, P.C. and Robert Smith, who are no longer students in Iowa public schools;

- Adds two more plaintiffs, Daniel Gutmann and Alyson Telford, who are teachers in Iowa public schools (together, the "Educator Plaintiffs");

- Removes school district institutions (as opposed to officers and directors) as defendants;

- Removes Iowa Department of Education and Iowa State Board of Education as defendants, and adds John Robbins, in his official capacity as President of the Iowa State Board of Education as defendant;

- Adds more specific allegations concerning Plaintiff Iowa Safe Schools' ("ISS") direct and representational standing;

- Adds new allegations concerning enforcement of the Gender Identity Notification Provision; and

- Reframes Plaintiffs' facial and as-applied challenges to address the Eighth Circuit's opinion in *GLBT Youth II.*

Leave to make these sorts of changes is routinely granted, especially so early in a case, before discovery has commenced. This case should be no exception. Plaintiffs seek leave to amend in good faith, no prejudice to Defendants will result, and Plaintiffs' proposed amendments and supplemental allegations are far from futile. Accordingly, the Court should grant this Motion and allow Plaintiffs to file their First Amended and Supplemental Complaint.

## **BACKGROUND**

Plaintiffs filed their Complaint (ECF No. 1) on November 28, 2023, challenging three provisions of Senate File 496, 2023 Iowa Acts ch. 91 ("SF 496"): (1) a ban on any program, curriculum, test, survey, questionnaire, promotion, or instruction relating to sexual orientation or gender identity in kindergarten through grade six, Iowa Code § 279.80(1)-(2) (the "Gender

2

Identity/Sexual Orientation Prohibition" or "GISO Provision"); (2) a ban on books with a "description" or "visual depiction" of a "sex act," *id.* §§ 256.11 (unnumbered para. 1), 256.11(2)-(4), 256.11(19)(a)-(b) (the "Library Restriction"); and (3) a mandate that any teacher whom a student asks to respect their gender identity report that request to the student's parents, without regard for the student's safety and wellbeing, *id.* § 279.78(3) (the "Gender Identity Notification Provision"). Simultaneously, Plaintiffs filed a Motion for a Preliminary Injunction against enforcement of all three challenged provisions. (ECF No. 2.) On December 19, 2023, the Court held a hearing on the motion, consolidated for purposes of argument with *Penguin Random House, LLC v. Robbins*, No. 4:23-cv-478. (ECF No. 60.) The next day, Defendants Iowa City Community School District, Sioux City Community School District, Urbandale Community School District, Waterloo Community School District, West Des Moines Community School District, and their respective Officers and Directors (together, the "School District Defendants") filed a Motion to Dismiss. (ECF No. 51.)

On December 29, 2023, in a well-reasoned Order, the Court granted a facial preliminary injunction as to the Gender Identity/Sexual Orientation Prohibition and the Library Restriction. (ECF No. 65.) On January 12, 2024, all Defendants other than the School District Defendants (together, the "State Defendants") filed a Notice of Appeal, in which the School District Defendants did not join. (ECF No. 66.) The Eighth Circuit stayed further proceedings in this Court on May 28, 2024 (ECF No. 99), and the next day, this Court denied the School District Defendants' Motion to Dismiss, without prejudice to refiling, in light of that stay (ECF No. 98).

The Eighth Circuit reversed and remanded this Court's Order granting the preliminary injunction on August 9, 2024. *See generally, GLBT Youth II*, 114 F.4th 660. The Court held a status conference on September 25, 2024, to address scheduling issues on remand (ECF No. 110),

at which the Court ordered Plaintiffs to file any amended complaint by October 18, 2024 (ECF No. 111).

## ARGUMENT

### I.    Applicable Legal Standard

Rule 15 of the Federal Rules provides that a party may amend its pleading "with the opposing party's written consent or the court's leave," admonishing that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). As instructed by the United States Supreme Court, the mandate of Rule 15(a)(2) "is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Eighth Circuit recognizes that Rule 15(a) embodies a "liberal amendment policy." *Roberson v. Hayti Police Dept.*, 241 F.3d 992, 995 (8th Cir. 2001). "[D]enial of leave to amend pleadings is appropriate only in those limited circumstances in which undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the non-moving party can be demonstrated." *Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted). Courts likewise have noted that the same standard is applicable to Rule 15(d), which provides that "on motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." *Sheng Int'l Co. Ltd. v. Prince Americas, LLC*, 2021 WL 4943686 (D. Neb. 2021).

None of those circumstances apply here.

### II.    Plaintiffs Are Acting Diligently and Seek Leave to Amend in Good Faith.

Plaintiffs seek leave to amend and supplement the Complaint in good faith, and granting Plaintiffs leave to amend and supplement the Complaint will not cause undue delay. Plaintiffs are diligent in pursuing leave to amend and supplement their Complaint by seeking to do so before a scheduling order has been entered or any discovery served on any Defendants.

The day before the Eighth Circuit issued its mandate on August 30, 2024, Plaintiffs asked all Defendants and counsel for Plaintiffs in related the *Penguin Random House* case whether the parties would be amendable to holding a joint status conference for setting a schedule for motion practice and discovery. All Defendants agreed by the end of the week of September 2-6. The parties in this case filed a Joint Motion for Status Conference on September 18, 2024. (ECF 106.) As recounted above, the Court held that status conference and issued an Order for Plaintiffs to file a motion for leave to file their First Amended Complaint by October 18, 2024. Plaintiffs now file this motion for leave on October 18, 2024.

Since the Eighth Circuit issued its opinion on the State Defendants' appeal of this Court's preliminary injunction ruling and issued its mandate, Plaintiffs' counsel conducted factual interviews on whether the school districts announced new policies regarding the implementation and enforcement of SF496. Plaintiff Iowa Safe Schools also surveyed its student and gender-sexuality alliance or gay-straight alliance ("GSA") members across the state to assess how LGTBQ+ students are impacted by SF496 and how GSAs struggle to operate now that all provisions of the law are enforceable. The Eighth Circuit ruling came down at the beginning of the new academic year for Iowa public schools, and schools have been slow to react and implement new policies immediately following the vacating of the injunction. In addition, the Iowa Department of Education did not restart its rulemaking on the previously enjoined provisions of SF496 until after receiving the clarifying order from this Court. (ECF No. 111.) Therefore, Plaintiffs have not unduly delayed amending their Complaint. Rather, Plaintiffs have acted diligently to ascertain how the Defendants are implementing SF496 this school year and the impact it will have on LGBTQ+ students and GSAs.

Plaintiffs seek to file their First Amended and Supplemental Complaint in good faith, with no ulterior dilatory motive. Plaintiffs demonstrated the possibility of Plaintiffs' ability to establish factual support for the new matters sought to be pleaded. Finally, a plaintiff is not dilatory in

seeking to amend a Complaint when no trial or pretrial dates have been scheduled and no significant activity beyond the pleading stage has occurred. This case is currently in the pleading stage.

### III.    Plaintiffs' Proposed Amendments Do Not Prejudice Defendants.

Neither State Defendants nor School District Defendants are prejudiced because the proposed amendments and supplemental facts do not change the claims against them. Plaintiffs' First Amended and Supplemental Complaint relates to the same conduct alleged in its original pleading: the enforcement of unconstitutional provisions of SF496. Similarly, the Defendants are not prejudiced by the Amended and Supplemental Complaint because the elements of the new claims essentially overlap with the elements of the original claims. Plaintiffs originally brought facial and as-applied challenges to the three provisions of SF 496. In the First Amended and Supplemental Complaint, Plaintiffs break out each facial and as-applied challenge to each provision as separate counts, and bolster each count with more facts, providing clarity and notice to the Defendants.

Defendants are not prejudiced by the inclusion of the Educator Plaintiffs. Indeed, the Educator Plaintiffs previously were a part of an ongoing related proceeding challenging SF496 in *Penguin Random House LLC v. Robbins*, No. 4:23-cv-00478. In that case, the Educator Plaintiffs originally sued some of the State Defendants who are also in this case, challenging the enforcement of the Gender Identity/Sexual Orientation Prohibition for violating the First and Fourteenth Amendments. After Plaintiffs in *Penguin Random House* amended their Complaint after the Eighth Circuit's ruling in *GLBT Youth II* and removed their Gender Identity/Sexual Orientation Prohibition challenge, Educator Plaintiffs joined this case. Here, the Educator Plaintiffs continue to bring their Fourteenth Amendment challenges against the State Defendants in the First Amended and Supplemental Complaint.

As for Plaintiffs' intention to provide additional and updated facts that have occurred since the filing of the initial Complaint, this Court likewise should "find[] no prejudice here, where [Plaintiffs] seek[] only to add factual allegations and parties that supplement" their existing theories. *Prince Americas, LLC*, 2021 WL 4943686 at *9. No new theories are asserted against Defendants.

Finally, there is no undue prejudice of the sort that might arise when an amendment comes on the eve of trial and would result in new problems of proof. *See, e.g.*, *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 224-25 (8th Cir. 1994). This case is nowhere near trial and is still at the pleading stage, so Defendants would not suffer prejudice by the Court granting leave for Plaintiffs to file their First Amended and Supplemental Complaint.

### IV.    Plaintiffs' Proposed Amendments Are Not Futile.

Plaintiffs' proposed amendments with respect to the State Defendants are not futile because the State Defendants have not submitted any responsive pleading to the original Complaint. Futility of amendment is a valid reason for denying a motion for leave to amend the Complaint when the motion was filed after dismissal of the Complaint. *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012). An amended complaint is futile when "the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)." *Doe v. Dardanelle Sch. Dist.*, 928 F.3d 722, 727 (8th Cir. 2019) (quoting *Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) (internal quotation marks omitted)).

Plaintiffs' proposed amendments with respect to the School Board Member Defendants and Superintendent Defendants are not futile because the amendments cure potential issues raised in the School District Defendants' Motion to Dismiss (ECF No. 51). *United Steelworkers of Am., AFL-CIO v. Mesker Bros. Industries, Inc.*, 457 F.2d 91, 93–94 (8th Cir. 1972) (concluding motion to amend was not futile where the plaintiffs' amended complaint sufficiently stated a claim in

response to the defendants' motion to dismiss). Here, Plaintiffs' First Amended and Supplemental Complaint removes the school district entities as defendants. This is consistent with the School District Defendants' motion to dismiss asserting that claims against both school districts and school district officials are duplicative. The proposed First Amended and Supplemental Complaint names as defendants the individual district school board members and superintendents rather than the school districts themselves. Plaintiffs' proposed amendments with respect to State Defendants remove the Iowa Department of Education and Iowa State Board of Education as agency defendants, while retaining Defendant McKenzie Snow, in her official capacity as Director of the Iowa Department of Education, and adding Defendant John Robbins, in his official capacity as President of the Iowa State Board of Education, resolving any similar concerns on the part of State Defendants.

## **CONCLUSION**

Plaintiffs have acted diligently in seeking to file their proposed First Amended and Supplemental Complaint, and have not sought to amend in bad faith. Plaintiffs' proposed amendments and supplemental facts do not prejudice any Defendants and are not futile. For these reasons, and in the interests of justice, the Court should grant Plaintiffs' leave to file their First Amended and Supplemental Complaint.


Dated: October 18, 2024                     Respectfully submitted,

/s/Thomas D. Story
Thomas D. Story, AT0013130 (Lead Counsel)      Camilla B. Taylor*
Rita Bettis Austen, AT0011558                  Nathan Maxwell* **
Shefali Aurora, AT0012874                      Kenneth D. Upton, Jr.* ***
**American Civil Liberties Union**             **Lambda Legal Defense**
  **of Iowa Foundation**                         **and Education Fund, Inc.**
505 Fifth Avenue, Suite 808                    65 E. Wacker Pl., Suite 2000
Des Moines, IA 50309                           Chicago, IL 60601
(515) 243-3988                                 (312) 663-4413
thomas.story@aclu-ia.org                       ctaylor@lambdalegal.org
rita.bettis@aclu-ia.org                        nmaxwell@lambdalegal.org
shefali.aurora@aclu-ia.org                     kupton@lambdalegal.org

Laura J. Edelstein*
Katherine E. Mather*
**Jenner & Block LLP**
525 Market Street, 29th Floor
San Francisco, CA 94105
(628) 267-6800
LEdelstein@jenner.com
KMather@jenner.com

Anna K. Lyons*
Effiong Dampha*
**Jenner & Block LLP**
515 S. Flower Street, Suite 3300
Los Angeles, CA 90071-2246
(213) 239-5100
ALyons@jenner.com
EDampha@jenner.com

*Admitted pro hac vice
.
** Member of the Arizona bar. Practicing
under the supervision of a member of the Illinois bar.

***Member of the District of Columbia, Texas, and
Oklahoma bars. Not admitted or practicing in Illinois.

Karen L. Loewy*
Sasha J. Buchert*
**Lambda Legal Defense
  and Education Fund, Inc.**
1776 K Street, N.W., 8th Floor
Washington, DC 20006-2304
(202) 804-6245
kloewy@lambdalegal.org
sbuchert@lambdalegal.org

Daniel R. Echeverri*
Christopher J. Blythe*
**Jenner & Block LLP**
353 N. Clark Street
Chicago, IL 60654
(312) 222-9350
DEcheverri@jenner.com
CBlythe@jenner.com

Joshua J. Armstrong*
**Jenner & Block LLP**
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6000
JArmstrong@jenner.com

*Counsel for Plaintiffs*

9

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing paper with the Clerk of Court by using the CM/ECF system.

Dated: October 18, 2024                    */s/ Thomas D. Story*
                                           Thomas D. Story