# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 25-2186

———————————————

Iowa Safe Schools, formerly known as GLBT Youth in Iowa Schools Task Force;
Belinda Scarrott, Next friend P. B.-P.; Richard Carlson, Next friend A.C.; Ulrike
Carlson, Next Friend A.C.; Eric Saylor, Next friend T.S.; Brigit Stevens, Next
friend B.F.S.; Joseph Stevens, Next friend B.F.S.; Lara Newsom, Next friend B.F.;
John Doe, Next friend James Doe; Daniel Gutmann; Alyson Telford

*Plaintiffs - Appellees*

v.

Kim Reynolds, in her official capacity as Governor of the State of Iowa; McKenzie
Snow, in her official capacity as Director of the Department of Education; John
Robbins, in his official capacity as President of the Iowa State Board of Education

*Defendants - Appellants*

Matt Degner, in his official capacity as Iowa City Community School District
Superintendent; Molly Abraham, in their official capacities as board members of
the Iowa City Community School District; Shawn Eyestone, in their official
capacities as board members of the Iowa City Community School District; Charlie
Eastham, in their official capacities as board members of the Iowa City
Community School District; Jayne Finch, in their official capacities as board
members of the Iowa City Community School District; Ruthina Malone, in their
official capacities as board members of the Iowa City Community School District;
Mitch Lingo, in their official capacities as board members of the Iowa City
Community School District; Lisa Williams, in their official capacities as board
members of the Iowa City Community School District; Rod Earleywine, in his
official capacity as Sioux city Community School District Superintendent; Dan
Greenwell, in their official capacities as board members of the Sioux City
Community School District; Lance D. Ehmcke, in their official capacities as board
members of the Sioux City Community School District; Jan George, in their
official capacities as board members of the Sioux City Community School District;

Appellate Case: 25-2186    Page: 1    Date Filed: 04/06/2026 Entry ID: 5625617

Treyla Lee, in their official capacities as board members of the Sioux City Community School District; John Meyers, in their official capacities as board members of the Sioux City Community School District; Bob Michaelson, in their official capacities as board members of the Sioux City Community School District; Earl Miller, in their official capacities as board members of the Sioux City Community School District; Rosalie Daca, in her official capacity as Urbandale Community school District Superintendent; Katherine Howsare, in their official capacities as board members of the Urbandale Community School District; Rachel Kent, in their official capacities as board members of the Urbandale Community School District; Jenny Meade, in their official capacities as board members of the Urbandale Community School District; Jason Menke, in their official capacities as board members of the Urbandale Community School District; Josh Van Rswyk, in their official capacities as board members of the Urbandale Community School District; Carissa Williams, in their official capacities as board members of the Urbandale Community School District; Margaret Young, in their official capacities as board members of the Urbandale Community School District; Jared Smith, in his official capacity as Waterloo Community School District Superintendent; Jonathan Cox, in their official capacities as board members of the Waterloo Community School District; Jesse Knight, in their official capacities as board members of the Waterloo Community School District; Astor Williams, in their official capacities as board members of the Waterloo Community School District; Lyle Schmitt, in their official capacities as board members of the Waterloo Community School District; Stacie Mills, in their official capacities as board members of the Waterloo Community School District; Janelle G. Ewing, in their official capacities as board members of the Waterloo Community School District; Krystal Madlock, in their official capacities as board members of the Waterloo Community School District; Matt Adams, in his official capacity as West Des Moines Community Schools Superintendent; Jeff Hicks, in their official capacities as board members of the West Des Moines Community Schools District; Michael Andreski, in their official capacities as board members of the West Des Moines Community Schools District; Elizabeth Larson, in their official capacities as board members of the West Des Moines Community Schools District; Lila P. Montoya Starr, in their official capacities as board members of the West Des Moines Community Schools District; Fannette Elliott, in their official capacities as board members of the West Des Moines Community Schools District; Jill Caton Johnson, in their official capacities as board members of the West Des Moines Community Schools District; Anadelia Morgan, in their official capacities as board members of the West Des Moines Community Schools District

*Defendant*s

-2-

----------------------------

State of Minnesota; PEN American Center, Inc.; Freedom to Read Foundation; Iowa Library Association; American Association of School Librarians; National Education Association; Iowa State Education Association; One Iowa; League of Women Voters of Iowa; Iowa School Counselor Association

*Amici on Behalf of Appellee(s)*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: January 13, 2026
Filed: April 6, 2026
_____

Before SMITH, ERICKSON, and KOBES, Circuit Judges.
_____

ERICKSON, Circuit Judge.

This case involves constitutional challenges to two provisions enacted as part of Senate File 496 under Iowa law—Iowa Code §§ § 279.78(3) and 279.80(2). In a prior decision, the Court found the district court engaged in a flawed legal analysis, vacated the preliminary injunction, and remanded for further proceedings. See GLBT Youth in Iowa Schs. Task Force v. Reynolds, 114 F.4th 660 (8th Cir. 2024). The State now appeals the preliminary injunction re-entered by the district court. For the reasons that follow, we vacate the preliminary injunction and remand to the district court for resolution of the merits of the claims.

-3-

## I.    BACKGROUND

The passage of Senate File 496 impacted Iowa public school classrooms and curriculum in several ways.[1]  One way is that it precludes a school district from providing instruction relating to gender identity or sexual orientation to students in kindergarten through grade six.  Iowa Code § 279.80(2) ("Instruction Section").  In another way, it requires school officials to notify parents if a student asks for the use of a pronoun that does not match the school's registration records or requests an "accommodation that is intended to affirm the student's gender identity." Id. at § 279.78(3) ("Parental Notification Law").

Plaintiffs are two educators and a non-profit advocacy organization who commenced this action on behalf of the organization as well as six Iowa public school students.  In this action, Plaintiffs assert the laws are facially overbroad and unconstitutionally vague.

## II.    DISCUSSION

This Court reviews the district court's legal conclusions granting a preliminary injunction *de novo*, its factual findings for clear error, and its application of the law to the facts for abuse of discretion.  Cigna Corp. v. Bricker, 103 F.4th 1336, 1343 (8th Cir. 2024).  A plaintiff seeking to enjoin a state statute must show not merely "a fair chance" that it will succeed on the merits, but that it "is likely to prevail on the merits." Bio Gen LLC v. Sanders, 142 F.4th 591, 600 (8th Cir. 2025) (cleaned up).  This more rigorous standard is applied to "ensure that preliminary injunctions that thwart a state's presumptively reasonable democratic processes are pronounced only after an appropriately deferential analysis." Planned Parenthood Minn., N.D., S.D. v. Rounds, 530 F.3d 724, 733 (8th Cir. 2008) (en banc).  In a First Amendment case, the likelihood of success on the merits is "often the determining

---

[1]It also added provisions regarding Iowa's public school libraries, which is addressed in appeal No. 25-1819, Penguin Random House, LLC v. Robbins.

factor in whether a preliminary injunction should issue." Phelps-Roper v. Nixon, 545 F.3d 685, 690 (8th Cir. 2008), overruled on other grounds by Phelps-Roper v. City of Manchester, Mo., 697 F.3d 678 (8th Cir. 2012) (en banc).

A.    Instruction Section

Effective July 1, 2023, Iowa Code § 279.80(2) provides: "A school district shall not provide any program, curriculum, test, survey, questionnaire, promotion, or instruction relating to gender identity[2] or sexual orientation to students in kindergarten through grade six." When enacted, the statute referred to the definition of gender identity as set forth in § 216.2(12), which defined gender identity as "a gender-related identity of a person, regardless of the person's assigned sex at birth." Effective July 1, 2025, Iowa law defines gender identity as "an individual's subjective identification as male, female, or neither male nor female . . . [and] shall not be considered a synonym or substitute for sex or gender." Id. at § 279.78(1)(a). Sexual orientation is defined under Iowa law as the "actual or perceived heterosexuality, homosexuality, or bisexuality." Id. at § 216.2(17).

The instruction section applies to only three of the plaintiffs –a fifth grade student, an elementary school teacher, and a middle school teacher who makes books available to sixth grade students. In addressing Plaintiffs' facial challenge, the district court concluded that all but two words in this statute—program and promotion—pass constitutional muster. The court found the words "program" and "promotion" are too broad to refer only to mandatory classroom curriculum and violate the First Amendment by prohibiting school districts and educators from, for

---

[2]Effective July 1, 2025, the statute was amended to replace "identity" with "theory." Gender theory is currently defined in § 279.80(1)(a) as "the concept that an individual who experiences distress or discomfort with the individual's sex should identify as and live consistent with the individual's internal sense of gender, and that an individual can delay natural puberty and develop sex characteristics of the opposite sex through the use of puberty blockers, cross-sex hormones, and surgical procedures."

example, making extracurricular activities relating to gender identity and sexual orientation available to students in grades six and below.

Throughout the litigation, the State has insisted that this statute applies only to mandatory parts of the educational curriculum. Reading the plain language, we cannot say the State's assertion is wrong. The statute lists seven activities separated by commas. Read together, we think the plain language speaks clearly enough to apply to classroom curriculum. Even so, the district court excised two of the words and found the only plausible way to interpret them as not viewpoint-based was to conclude that school districts are not allowed to provide any programs or promotion relating to any gender identity or any sexual orientation, which also would include "girls" sports teams and "boys" sports teams. The court further found that the State's contention that this was a faulty interpretation "guarantees" that state officials will determine on an ad hoc and subjective basis which activities are permitted and which are not. If Plaintiffs had pursued as-applied challenges and presented a developed record, it is remotely possible that the district court raised valid points. Because Plaintiffs forewent their as-applied challenges, we are left to determine only whether the district court's facial injunction should be upheld.

In a facial challenge, only the statutory text matters. Hershey v. Jasinski, 86 F.4th 1224, 1235 (8th Cir. 2023). Even if we were to assume the statute is susceptible to more than one construction in that it applies to extracurricular or other non-curricular activities, as the district court found, the canon of constitutional avoidance applies. See Sisney v. Kaemingk, 15 F.4th 1181, 1198 (8th Cir. 2021) (confirming courts may apply the doctrine of constitutional avoidance in the context of a First Amendment overbreadth challenge). This canon functions as a means of adopting a construction that avoids questions about its constitutionality. See Hershey, 86 F.4th at 1235 (explaining the constitutional avoidance canon requires us to apply the "less constitutionally problematic of the two possibilities"). The canon of constitutional avoidance permits us to adopt the State's interpretation and avoid the purported constitutional infirmities that are not apparent from the text of the statute.

-6-

The district court engaged in a flawed analysis when it isolated two words in the statute to create an expansive view of the law's scope. Courts typically handle constitutional claims on a case-by-case basis, not en masse. Moody v. NetChoice, LLC, 603 U.S. 707, 723 (2024). And for good reason. A statute may only be invalidated under the First Amendment if its unconstitutional applications substantially outweigh the constitutional ones. Id. "[F]acial challenges are hard to win." Id. When the Plaintiffs elected to litigate the constitutionality of §279.80(2) solely as a facial challenge, they chose to carry the risk of having to show that unconstitutional applications substantially outweighed the constitutional applications. Because there is an inadequate showing to demonstrate the unconstitutional applications of Iowa Code § 279.80(2) substantially outweigh the constitutional ones, Plaintiffs cannot show a likelihood of success on the merits, and the entry of a preliminary injunction was improper. See Phelps-Roper, 545 F.3d at 690 (noting in a First Amendment case likelihood of success is often the determining factor for the issuance of a preliminary injunction).

### B.    Parental Notification Law

Also taking effect on July 1, 2023, Iowa Code § 279.78(3) provides: "If a student enrolled in a school district requests an accommodation that is intended to affirm the student's gender identity from a licensed practitioner employed by the school district, including a request that the licensed practitioner address the student using a name or pronoun that is different than the name or pronoun assigned to the student in the school district's registration forms or records, the licensed practitioner shall report the student's request to the administrator employed by the school district, and the administrator shall report the student's request to the student's parent or guardian." School districts and employees are subject to a written warning for a first violation and potential disciplinary action for subsequent violations. Id. at § 279.78(4).

The district court found part of the statute was unambiguous and another part unconstitutionally vague. The court found the notice provision is unambiguously

Appellate Case: 25-2186    Page: 7    Date Filed: 04/06/2026 Entry ID: 5625617

triggered if a student requests use of a pronoun different than the pronoun assigned to the student in the school district's registration forms or records.  In contrast, the district court concluded that the provision "accommodation that is intended to affirm the student's gender identity" is impermissibly vague because the term "accommodation" has a broad meaning and, without being defined, can lead to unpredictable interpretations and create a substantial risk of arbitrary enforcement. The district court found neither Merriam-Webster's Collegiate Dictionary nor other resources helpful in determining the meaning of "accommodation."  The court concluded "accommodation" is a "capacious concept"  and severed what it found to be an unconstitutional portion of the statute.

Even if a law is broad, it "does not mean that it is ambiguous, much less unconstitutionally vague." Calzone v. Summers, 942 F.3d 415, 426 (8th Cir. 2019). To survive a vagueness challenge, the law must provide adequate notice of the proscribed conduct and not lend itself to arbitrary enforcement.  Rowles v. Curators of Univ. of Mo., 983 F.3d 345, 356 (8th Cir. 2020) (citation omitted).  "Flexibility and reasonable breadth are acceptable as long as it is clear when the rule as a whole prohibits."  Id. (quoting Grayned v. City of Rockford, 408 U.S. 104, 110 (1972)). The degree of vagueness tolerated by the Constitution depends on the nature of the enactment as well as potential penalties.  Id. (quoting Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489, 498 (1982)).  If the enactment does not impose criminal penalties, due process requires less specificity—and even less specificity is required for public school disciplinary rules.  Id.  If the First Amendment is implicated, this Court has explained that while a lesser standard of scrutiny is applied in public school settings, the vagueness doctrine demands a proportionately greater degree of specificity when the law reaches the exercise of free speech. Parents Defending Educ. v. Linn Mar Cmty. Sch. Dist., 83 F.4th 658, 668 (8th Cir. 2023).

The Iowa legislature's failure to define the term "accommodation" does not automatically render the statute impermissibly vague.  The term "accommodation" is used and undefined in several federal statutes that have existed for decades.  See,

Appellate Case: 25-2186    Page: 8    Date Filed: 04/06/2026 Entry ID: 5625617

e.g., Sturgill v. United Parcel Service, Inc., 512 F.3d 1024, 1031 (8th Cir. 2008) (religious accommodation case under Title VII of the Civil Rights Act of 1964); Klossner v. IADU Table Mound MHP, LLC, 65 F.4th 349, 353 (8th Cir. 2023) (reasonable accommodation case under the Fair Housing Amendments Act of 1988); In re Jonesboro Tractor Sales, Inc., 619 B.R. 223, 231 (Bankr. E.D. Ark. 2020) (financial accommodations under the Bankruptcy Code, 11 U.S.C. § 365).

When a statutory term is undefined, courts are to consider the word's common and ordinary meaning, taking into account the context in which the undefined term is used. Calzone, 942 F.3d at 42. The ordinary and common understanding of "accommodation" in the context of this statute is straightforward—it applies if a student requests to change, adapt, or modify an aspect of their gender identity. See Accommodation, Black's Law Dictionary (12th ed. 2024) ("The act or an instance of making a change or provision for someone or something; an adaptation or adjustment."); Accommodation, Oxford English Dictionary (2011) ("adaptation, adjustment, modification."). The examples provided by the district court in an effort to demonstrate overbreadth—such as a female asking to sit with boys at lunch, or a male choosing a pink pencil, or a male choosing to write reports about female historical figures—are not on their face student requests to change or modify gender identity. If an actual dispute arises over whether a gender identity related accommodation was requested or granted without notifying the student's parents, an as-applied challenge is available. Plaintiffs elected not to make any as-applied challenges and instead sought injunctive relief only on their facial challenge.

In conclusion, the Supreme Court has given two reasons a state statute may be found unconstitutionally vague: (1) if it "fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits," or (2) it "authorizes or even encourages arbitrary and discriminatory enforcement." Hill v. Colo., 530 U.S. 703, 732 (2000). "Condemned to the use of words, we can never expect mathematical certainty from our language." Grayned, 408 U.S. at 109-110. The Constitution does not require meticulous specificity. Here, Iowa law requires parental notification if a student requests an accommodation intended to affirm their

Appellate Case: 25-2186   Page: 9   Date Filed: 04/06/2026 Entry ID: 5625617

gender identity.  Even though the statute does not define "accommodation," it is not vague.  The law is clear enough that a person of ordinary intelligence can reasonably understand it.  The district court erred when it found otherwise.  Because Iowa Code § 279.78(3) provides adequate notice of what conduct it governs and does not authorize or encourage arbitrary and discriminatory enforcement, Plaintiffs have not shown a likelihood of success on the merits on their void-for-vagueness challenge.  The district court's entry of a preliminary injunction was an abuse of discretion.

>>>     C.     Library Restrictions

Finally, the district court entered parallel preliminary injunctions as to Iowa Code § 256.11(9), which pertains to book restrictions in school libraries.  The court relied on its analysis in Penguin Random House LLC v. Robbins, 774 F.Supp.3d 1001 (S.D. Iowa 2025).  That decision is also on appeal before use in appeal No. 25-1819.  For the reasons stated in our decision in the Penguin Random House case, appeal No. 25-1819, we also vacate the district court's entry of a preliminary injunction in this case as to the library restrictions in Iowa Code § 256.11(9).

## III.   CONCLUSION

For the forgoing reasons, we vacate the preliminary injunction issued in regards to Iowa Code § 256.11(9) (library restrictions), Iowa Code § 279.78(3) (parental notification law), and Iowa Code § 279.80(2) (instruction on gender identity/sexual orientation) and remand to the district court for a determination on the merits of Plaintiffs' claims.

_____

-10-